**Kathleen HUGE, Plaintiff/Appellee,**

v.

**GENERAL MOTORS CORP., Defendant/Appellant.**

No. 01–4057.

United States Court of Appeals, Sixth Circuit.

March 26, 2003.

Before: MARTIN, Chief Circuit Judge; ROGERS, Circuit Judge; and EDMUNDS, District Judge.*

ROGERS, Circuit Judge.

Appellant Kathleen Huge (Huge) appeals the grant of summary judgment in favor of Appellee General Motors Corp. (GMC). Huge was employed by GMC, but she was terminated near the end of her one-year probationary period. GMC contends this was due to her poor performance. Huge filed suit claiming that GMC had violated the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (ADA), by failing to make reasonable accommodations for her, by terminating her because of her disability, and by permitting a hostile work environment to persist caused by her depression and learning disabilities. The district court concluded that Huge had no basis for any ADA claims. Because Huge has failed to show that she was disabled for purposes of the ADA, we AFFIRM.

In 1998, Huge started work at GMC as an industrial engineer. She was an at-will employee for the first year of her employment. During the time she was at GMC, she repeatedly fell below her supervisor's expectations. According to her supervisor, she failed to meet deadlines, was late to work, cried when criticized, had to ask for instructions repeatedly for the same task, and had to go to training for computer programs of which she had previously asserted having a working knowledge. Huge's supervisor recommended that she see a doctor about the emotional problems she exhibited and advised her that the employee assistance program could help her. Huge visited the employee assistance program representative nine months after she was hired.

Almost a year after she was hired, GMC decided to terminate Huge. Huge filed this lawsuit alleging that 1) she was disabled due to depression and learning disabilities, 2) she was not given reasonable accommodations even though she requested them, 3) she was terminated due to her disability, 4) GMC perceived her as having a disability, and 5) GMC breached an implied employment contract. She also maintained in her complaint that GMC permitted a hostile work environment to persist by failing to prevent two of her co-workers from treating her harshly due to her disabilities. The court granted GMC's

* The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

motion for summary judgment. Huge now appeals.

This court reviews a district court's grant of summary judgment *de novo*. *Williams v. General Motors Corp.*, 187 F.3d 553, 560 (6th Cir.1999). The evidence should be viewed in the light most favorable to the nonmoving party and summary judgment should only be granted where there is no genuine issue of material fact. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The ADA prohibits discrimination "against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Disability is defined as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such impairment." *Id.* at § 12102(2). Plaintiff must be "disabled" under this definition in order to recover on a claim of failure to accommodate, *Smith v. Ameritech*, 129 F.3d 857, 866 (6th Cir.1997), a claim of discriminatory termination, *id.*, or any ADA claim of hostile work environment. *See Fox v. GMC*, 247 F.3d 169, 176–77 (4th Cir.2001).

The district court held that Huge failed to show that she was disabled. The court refused to consider any of Huge's claims premised on learning disabilities on the ground that she abandoned those claims by failing to support it in her brief in opposition to summary judgment. The court found that she was not disabled because of her depression because she did not prove that she was substantially limited in the "major life activity" of working. Furthermore, the court held that Huge could not establish that GMC "regarded her" as having a disability because the only evidence she presented, her employment application where she marked that she suffered from nervous problems and the fact that she told her supervisor that she suffered from depression, was insufficient to prove that GMC regarded her as having a disability.

Huge initially argued in her complaint that she was disabled because of depression and a learning disability. However, Huge failed to argue that GMC discriminated against her because of a learning disability to the district court, and therefore we need not consider that claim. *See Chandler v. Jones*, 813 F.2d 773, 777 (6th Cir.1987).

The inquiry then focuses on her depression. Huge claimed that she has suffered from depression since she was a girl and has repeatedly gone to counseling for it. There appears to be a gap of twelve years between the last time she sought counseling for depression and her employment with GMC. The fact that a person has a history of depression does not necessarily mean that the person has a disability under the ADA.[1] *See Morisky v. Broward County*, 80 F.3d 445, 448 (11th Cir.1996) ("Vague or conclusory statements reveal-

---

**1.** The ADA definition of disability also includes "a record" of a physical or mental impairment that substantially limits one or more of the major life activities. 42 U.S.C. § 12102(2)(B). However, Huge did not ex- plicitly claim that she had "a record" of an impairment so as to fall within this definition. *See generally EEOC v. R.J. Gallagher Co.*, 181 F.3d 645, 655 (5th Cir.1999).

ing an unspecified incapacity are not sufficient to put an employer on notice of its obligations under the ADA.").

In addition to showing that she suffered from depression, she must show that the depression substantially limited one or more major life activities. 42 U.S.C. § 12102(2). Huge argued that the major life activity affected by her depression is working. Regulations promulgated by the Equal Employment Opportunity Commission include working as a "major life activity." 29 C.F.R. 1630.2(i). The regulations further state:

> With respect to the major life activity of working—
>
> (i) The term substantially limits means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.

*Id.* at 1630.2(j)(3).

█ In her brief to this Court, Huge does not state how her depression substantially limited her ability to work. However, in her brief in opposition to summary judgment, she listed several ways her depression limited her ability to work: 1) she could not remain motivated, 2) she had trouble getting out of bed at times or making it to work on time, 3) she had trouble concentrating, 4) she had difficulty asking for assistance she needed with her work, 5) she had difficulty applying "her education and training in a way which individuals who did not have depression could," and 6) "she was never given the opportunity to fit in" at GMC. Nevertheless, these statements do not show that Huge was "significantly restricted in the ability to perform either a class of jobs or

a broad range of jobs in various classes as compared to the average person." 29 C.F.R. 1630.2(j)(3). Huge has failed to show that she was substantially limited in the major life activity of working.

Huge also argues that, regardless of whether she actually suffered from an impairment, she was "perceived" as having a disability. One of the ADA definitions of disability includes being regarded as having a disability. 42 U.S.C. § 12102(2). EEOC regulations define "regarded as having such impairment" to mean:

> (1) Has a physical or mental impairment that does not substantially limit major life activities but is treated by a covered entity [such as GMC] as constituting such limitation;
>
> (2) Has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or
>
> (3) Has none of the impairments defined in paragraph (h)(1) or (2) of this section but is treated by a covered entity as having a substantially limiting impairment.

29 C.F.R. 1630.2(*l*) (current through Mar. 7, 2003).

█ Huge has not shown that GMC regarded her as having an "impairment that substantially limits one or more of the major life activities." 42 U.S.C. § 12102(2). In fact, she puts forth no evidence that GMC regarded her as having any impairment. Huge points to evidence that GMC was aware of her depression. She seems to assume that because of this, GMC regarded her as having a disability. A plaintiff "cannot show that [his employer regarded him as disabled] ... merely by pointing to that portion of the record in which his supervisor admitted that he was aware of [plaintiff's] medical restrictions and modified [plaintiff's] responsibilities

based on them." *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 938 (6th Cir.2000). "An employer's request for a mental evaluation is not inappropriate if it is not obvious that an employee suffers from a disability. A request for an evaluation is not equivalent to treatment of the employee as though she were substantially impaired." *Cody v. CIGNA Healthcare of St. Louis, Inc.*, 139 F.3d 595, 599 (8th Cir.1998).

Inasmuch as the existence of a statutorily-defined disability is a requirement for accommodation and discrimination claims under the ADA, as well as for any hostile environment claim under that statute, *Fox*, 247 F.3d at 176–77, the absence of a triable issue with regard to disability is sufficient to affirm the district court's entry of summary judgment on all of those claims. We note that the district court also supported its summary judgment on the alternative grounds that there was insufficient evidence to show that GMC had failed to make reasonable accommodations, insufficient evidence to show that GMC terminated plaintiff because of her condition, and insufficient evidence to show that GMC had created an objectively hostile or abusive work environment.

Plaintiff also argues that the district court should not have rejected her state law wrongful discharge claim, on the theory that her claim falls within a promissory estoppel exception to the employment-at-will doctrine. Plaintiff's brief on this issue points to no evidence in the record that might support such a theory.

We AFFIRM the judgment of the district court.